# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN  
THOMAS H. NOOTER*  
LEE A. GINSBERG

*NY AND CALIF. BARS

30 VESEY STREET  
SUITE 100  
NEW YORK, N.Y. 10007

(212) 608-0808  
TELECOPIER (212) 962-9696

September 30, 2008

Hon. Nina Gershon  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

RE:   United States v. James Maffia, 97 Cr. 509 (NG)

Your Honor:

      I am responding to the letter submitted by AUSA Justin D. Lerer with respect to the resentence of my client pursuant to 18 U.S.C. § 3582(c)(2).

      First, we withdraw our request to have this Court reduce the sentence to take into account credit for jail time that he served while in Florida. I understand that this issue is being dealt with by the Bureau of Prisons directly, and that the Court's intervention will not be necessary.

      Second, we agree that the new Guidelines range is 70 to 87 months, and that the Court, under the circumstances of this case, does not have the authority to set a sentence below 70 months.

      Third, we request that the Court impose a sentence of 70 months. Since the government does not oppose a sentence within the newly-calculated Guidelines range, and since no aggravating factors have been presented to the Court to suggest that a sentence higher than 70 months is necessary to accomplish the goals of the Sentencing Commission and the sentencing statute (18 U.S.C. § 3553) we withdraw our request for a formal sentencing hearing.

      I only want to explain further why the original sentence was set at the high end of the Sentencing Guidelines, with the benefit of a letter I wrote to the Court prior to sentence being imposed then, and with the benefit of the sentencing hearing minutes which have now been provided to the Court by the government.

      In the letter I sent to the Court which was dated September 20, 2005 (copy attached) I stated that my client wanted to make the "unusual request" of having his sentence be set at the high end of the then-appropriate Guidelines range because of his expectation that he would be receiving a concurrent state court sentence from the State of Florida which would be as long or

longer than the federal sentence. What I said was:

> "Assuming the Court agrees with this joint proposed Guidelines range, I have a rather unusual request. My client has asked me to ask the Court to impose the sentence indicated as the TOP end of the Guidelines range, that is, a sentence of 108 months.
>
> "The reason for this request is as follows: my client is awaiting the outcome of an indictment which has been filed against him in the State of Florida. He is expecting that he will be allowed to plead guilty to an offense and that the stipulated sentence will be a ten-year term to run concurrent with the federal sentence Your Honor is about to impose. Because he will receive credit for time he served in custody in Florida before he was writted into New York, and some time for good behavior, he expects that the ultimate time he will serve on the Florida matter will be about seven years.
>
> "He very much feels that he would like to serve his entire sentence in one institutional system – in this case, the federal system, rather than be transferred to Florida after the completion of his federal sentence to serve some short remaining period. With credit for the time he has served in the federal system, and for good behavior, we calculate that a 108-month sentence should work out to be about the same as the Florida sentence would be, which would permit him to complete his sentence in the federal system and go directly onto his term of federal supervised release, without interfering with any training or education programs in which he may be enrolled."

At the sentencing hearing I reiterated the request and the reason for it as follows:

> "As I stated, my client has made an arrangement with prosecuting authorities in Florida where he expects to receive a ten-year sentence. I actually have a copy of some of the documents that were signed in which the parties have agreed to make the sentence in Florida when it is imposed in the future – it's not yet imposed – to run concurrent to the federal case and that he would serve the time in federal custody. ..." (Sentencing Minutes, September 22, 2005, p. 4).

The Court then asked my client, after he spoke on his own behalf, "What about this request that your attorney has that your are asking for the maximum sentence available under the guidelines?" (Id., at page 5-6); to which he responded:

> "I would appreciate it, I would like the top of the sentence because, like I said, my Florida – it will be like four more months. I would have to go back to the top of the guidelines and I would be able to complete it in the federal system and go right into..." (Id., at page 6).

The reason for this request is no longer extant: my client has received his concurrent

sentence from Florida and he will serve whatever they require there when he finishes his sentence here.

  I simply want to emphasize that my client no longer wishes a sentence that is any higher than the minimum under the newly-calculated Guidelines range, to wit: 70 months.

                Sincerely,

                */s/ Thomas H. Nooter*
                Thomas H. Nooter
                Prospective Attorney for Defendant

Enc.:  Letter from September 20, 2005
cc:   Office of the United States Attorney, by ECF

# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

*NY AND CALIF. BARS

30 VESEY STREET
SUITE 100
NEW YORK, N.Y. 10007

(212) 608-0808
TELECOPIER (212) 962-9696

September 20, 2005



EXHIBIT

Hon. Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   United States v. James Maffia, 97 Cr. 509 (NG)

Your Honor:

    I understand that all outstanding disputes with the Office of the United States Attorney and apparently the Office has agreed that the Guidelines computation made by the Probation Department should be considered to be correct. I would also agree that the Probation Department calculation is correct.

    Assuming the Court agrees with this joint proposed Guidelines range, I have a rather unusual request. My client has asked me to ask the Court to impose the sentence indicated as the TOP end of the Guidelines range, that is, a sentence of 108 months.

    The reason for this request is as follows: my client is awaiting the outcome of an indictment which has been filed against him in the State of Florida. He is expecting that he will be allowed to plead guilty to an offense and that the stipulated sentence will be a ten-year term to run concurrent with the federal sentence Your Honor is about to impose. Because he will receive credit for time he served in custody in Florida before he was writted into New York, and some time for good behavior, he expects that the ultimate time he will serve on the Florida matter will be about seven years.

    He very much feels that he would like to serve his entire sentence in one institutional system – in this case, the federal system, rather than be transferred to Florida after the completion of his federal sentence to serve some short remaining period. With credit for the time he has served in the federal system, and for good behavior, we calculate that a 108-month sentence should work out to be about the same as the Florida sentence would be, which would permit him to complete his sentence in the federal system and go directly onto his term of federal supervised

release, without interfering with any training or education programs in which he may be enrolled.

      Finally, my client requests that the Court make a specific recommendation that he be allowed to serve his federal sentence, subject to the determination by the Bureau of Prisons of his security classification, in the Federal Correctional Center at Otisville, New York. The reason for this is that he has a seven-year old daughter who is now living in Alabama but is expected to spend her summers with her grandparents, who live in a town near Otisville, which, if he were designated there, would permit relatively easy visiting for the child during the summers.

      Thank you.

Sincerely,

Thomas H. Nooter
Attorney for Defendant

cc:    AUSA Robert Radick, by ECF and mail
       USPO Holly S. Kaplan